Action by Guillermina V. Fletcher against Andrew R. Fletcher and others for a decree that the plaintiff was absolute owner of certain realty as against the claims and alleged interest of the defendants, wherein the defendants filed a counterclaim seeking an order requiring the plaintiff to execute such a deed of conveyance as might be necessary to perfect title in defendants as tenants in common to the realty. From a decree in favor of the plaintiff, the defendants appeal.
Decree affirmed.
Madison K. Fletcher and Guillermina Vega were married at San Juan on the Island of Puerto Rico on September 8, 1941. These parties on June 22, 1944, acquired by warranty deed described lots in Blocks 8 and 14 in the Town of Haines City, Florida, and situated thereon was an apartment house. On April 27, 1944, they acquired by warranty deed a tract of approximately 17 acres of land lying in close proximity to the city limits of the City of Bartow. Some few acres of the tract were in citrus with a dwelling house thereon. It was valued at approximately $9,500, while the apartment was placed at about $25,000, both properties being encumbered by mortgages. Madison K. Fletcher and wife, Guillermina V. Fletcher, owned and held the above real estate as tenants by the entirety.
Madison K. Fletcher died on March 25, 1945, and left surviving his widow, Guillermina V. Fletcher, and some twelve children by a former marriage. A controversy or dispute arose between the widow of Madison K. Fletcher and her twelve step children as to a proper division among the heirs of the estate of Madison K. Fletcher, deceased. The widow, on August 26, 1946, filed a bill of complaint in the Circuit Court of Polk County, Florida, against her step children and alleged that she was the exclusive owner by survivorship of the lands situated in Polk County, Florida, then appearing of record in the joint names of Madison K. Fletcher and Guillermina V. Fletcher. She prayed for a decree to be entered to the effect that she was the absolute owner of the Polk County lands as against the claims and alleged interest of her step children.
It is not disputed that Madison K. Fletcher died testate on the island of Puerto Rico and made complete testamentary distribution of all of his property situated on the island at the time of his death. The widow and the testator's son, Madison J. Fletcher, were made co-executors. Counsel for the children of the deceased contend that the last will and testament of Madison K. Fletcher, coupled with a contract referred *Page 301 
to as a family settlement and signed by some of the children and the widow of the deceased and further identified as deed No. 17, dated subsequent to testator's death, had the legal effect of enlarging the property interest of the widow in the Puerto Rican property and simultaneously made the children of the testator tenants in common with the widow in the property located in Polk County, Florida. Counsel for the widow contends that her signature to deed No. 17 was obtained on the Island of Puerto Rico by chicanery, fraud, over-reaching, imposition and other conditions and circumstances which rendered deed No. 17 not only inequitable and unjust but void and unenforceable.
The answer of the defendant step children (appellants) in effect sets out a signed written agreement with the widow, appellee, referred to in the record as deed No. 17, by the terms of which the lands situated in Polk County, Florida, owned by the widow and the deceased as an estate by the entirety would be owned and distributed by the widow and step children as an estate in common. The consideration for deed No. 17 was the amicable partition and distribution of all properties of the decedent's estate situated in Puerto Rico and Polk County, Florida. The widow, it was alleged, signed deed No. 17 for a valuable consideration, after being advised of all her legal rights as to the Florida law, and it was her intention thereby to change her status of ownership from that as an owner by survivorship of the Polk County lands to that of tenant in common with her twelve step children.
The answer sets out that deed No. 17 was signed, executed and delivered and all acts by her performed necessary to the validity and enforceability of the deed; that in the partition and distribution of all the property of the estate the widow has received under deed No. 17 an adequate and lawful consideration for her relinquishment of her interest in the Polk County lands, as a survivor of an estate by the entirety, to that of an estate by tenants in common with her step children. It is alleged that the widow now refuses to carry out the binding terms, conditions and stipulations set forth in deed No. 17 and repudiates the applicable provisions with reference to the Polk County lands, and her action in the premises is not only a fraud on her step children but a breach and violation of the terms and provisions of deed No. 17. The step children in their counterclaim pray for an order requiring the widow to execute such a deed of conveyance as may be required or necessary to perfect title in them as tenants in common to the Polk County properties as provided for in deed No. 17.
The case was submitted to the Chancellor below on final hearing upon the bill of complaint and amended answer after the time for taking testimony had expired. Appearing in the record are answers of the plaintiff-appellee to many interrogatories propounded to her by counsel for the defendants-appellants. Counsel for appellants point out that under Section 63.48(7), F.S.A., answers to interrogatories and admissions of documents shall be evidence against, but not for, the party interrogated. It is suggested that the Chancellor below in entering a decree for the plaintiff-appellee and against the defendants-appellants failed or omitted to observe the clear mandates and provisions of Section 63.48(7), supra.
Deed No. 17 by record appears to have been prepared by Puerto Rican counsel and a copy thereof is attached to the amended answer and counterclaim of the defendants-appellants and was construed by the Chancellor and his interpretation thereof set out in the final decree challenged on this appeal. The writer is impressed with the thought, painstaking care and careful consideration given by the Chancellor below as expressed in his final decree. We adopt the following language of the decree:
"The answer of the defendants alleges that said defendants are in equity the owners of and entitled to have an undivided one-third interest in all said property so claimed by the said Guillermina V. Fletcher and the claim of said defendants to said undivided one-third interest in said lands is based on a certain instrument in writing mentioned and described in said answer as Deed No. 17, a copy of which is made a part of the answer of said defendants. The court has made a careful study of the contents of said Deed No. 17 and finds that said deed is principally and essentially intended *Page 302 
as a settlement between the plaintiff in this cause and the defendants in said cause of the rights of all parties to said Deed No. 17 so far as the property owned by Madison K. Fletcher at the time of his death in Puerto Rico was concerned and said Deed No. 17 purposes to determine the exact property and amount of property of the estate of said Madison K. Fletcher in Puerto Rico that the said wife of said Madison K. Fletcher and each of his said children should have and receive from the estate of said Madison K. Fletcher, deceased.
"The said real estate in Florida of the said Madison K. Fletcher, deceased, is referred to in paragraphs marked `Fifth,' paragraph marked `Thirteen,' and paragraph marked `Fourteen,' in said Deed No. 17. In said paragraph `Fifth' it is stated `that said properties' (in Florida) `will not be partitioned by this document but that said properties belong to the tenancy in common (sociedad de ganaciales) that Madison K. Fletcher had with Guillermina Vega de Fletcher' and in paragraph marked `Thirteen' said Deed No. 17 further states: `The appearing parties continue stating that after several months of discussion in regard to the character of the properties left by Madison K. Fletcher, they have reached the conclusion that the same were private properties (propiedad privativa) of said Madison K. Fletcher up to the sum of TWENTY THREE THOUSAND DOLLARS ($23,000.00) and the remaining are tenancy in common (bienes ganaciales) including in said classification the properties in the State of Florida, United States of America.'
"In paragraph `Fourteen' of said Deed No. 17 it is further stated that the property of the estate of Madison K. Fletcher in Puerto Rico consisted of $23,000.00 of private property and $4,844.38 of tenancy in common property and then follows this statement: `which adjudication all the appearing parties assume definitely transacting all their differences in regard to the character of the properties above mentioned including the properties in Florida, United States of America, and for which determination each party give to each other a letter of payment and they partitioned the properties in Puerto Rico above mentioned and value in the following form and under the following clauses:' Following this statement in paragraph `Fourteen' is a detailed description of the distribution of the Puerto Rican property of the said Madison K. Fletcher, deceased, and no further reference to the Florida property is mentioned in said Deed No. 17.
"From the foregoing it appears to the Court and the Court finds that at the time of the death of said Madison K. Fletcher, he and his wife, Guillermina V. Fletcher, were the owners as tenants by the entirety of said hereinbefore described property located in the State of Florida and that by and upon the death of Madison K. Fletcher, the fee simple title and ownership of the said Guillermina V. Fletcher in and to all said Florida property were determined and settled and that said Guillermina V. Fletcher is at the present time the owner in fee simple of all said property so located in the State of Florida; that the said Guillermina V. Fletcher did not receive in and by virtue of said Deed No. 17 any more property or greater property of the said Madison K. Fletcher in Puerto Rico than was her proper and rightful portion under the Will of said deceased and the laws of Puerto Rico; that the references and statements contained in paragraph `Fifth,' paragraph `Thirteen,' and paragraph `Fourteen' of said Deed No. 17 with reference to the said Florida property of said Madison K. Fletcher, deceased, are not sufficient to change the law of the State of Florida which determines the title to said property in Florida to be vested in the said Guillermina V. Fletcher as the surviving widow of said Madison K. Fletcher; and that the claim of all the said defendants to a one-third interest in said Florida property or to any interest therein is without sufficient foundation and is without any consideration whatsoever passing to the said Guillermina V. Fletcher in return for said interest in said property, and the said claim of said defendants in said Florida lands is invalid."
It is contended that the Chancellor failed to consider on final hearing plaintiff's admission by interrogatories of the defendants filed in the cause in so far as they were evidence against the plaintiff as provided in Section 63.48(7). The answer *Page 303 
to the contention is: (1) It does not appear from the record that the admissions by interrogatories were ever offered in evidence by counsel for the appellant and submitted to the Chancellor for consideration at the final hearing; (2) the recital in the final decree is viz: "pursuant to agreement of parties and order heretofore entered herein after the time for taking testimony had expired, this cause came on for final hearing upon bill of complaint and amended answer"; (3) as the writer reads the record, the admissions of plaintiff to defendants' interrogatories, although on file, were not offered for the consideration of the Chancellor when the cause was submitted on final hearing.
On final hearing on bill and amended answer, after the time for taking testimony has expired, it is contended that facts alleged in the bill of complaint and not denied by the answer are taken as true and requires no proof; facts alleged in the bill and denied by the answer and not proved are taken as false; facts alleged in the answer that are not responsive to the bill are taken as true and requires no proof; facts alleged in the answer by way of avoidance and proved are taken as true; facts alleged in the answer by way of avoidance and not proven are taken as false. See Kooman on Florida Chancery Pleading Practice, pages 283-4. The brief of appellants set out allegations of the bill of complaint and many allegations of the answer and the rule supra is applied thereto and deductions therefrom relied upon for a reversal.
The Chancellor below on final hearing decided that Deed No. 17 was the taproot of the whole controversy as we well think it was. He studied the document to ascertain the true intention and meaning of the parties, gathered from the four corners of the whole instrument. The guiding compass of the Chancellor in the exploration for the truth and real intention of the parties was, did the widow and step children intend by the terms, conditions and provisions of Deed No. 17 that it should include the two tracts of land involved in this suit as located in Polk County, Florida, or should it apply only to the property of the decedent situated in the Island of Puerto Rico? The only reference to the Polk County lands in Deed No. 17 is found in paragraphs 5, 13 and 14. The law placed the burden on the appellants to establish error by the Chancellor in construing the instrument. They have failed to carry the burden. Other questions have been posed and argued by counsel for appellants and each has been considered in light of the several contentions urged here for reversal. We fail to find error in the record.
Affirmed.
ADAMS, C.J., and TERRELL and SEBRING, JJ., concur.